UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**KRISTOFER O'NEAL,**

    **Plaintiff,**                                                                                            **CASE NO.: 1:25-CV-25143-JB**

v.

**MANAGEMENT RESOURCES
INC., D/B/A MIAMI REGIONAL
UNIVERSITY,**

    **Defendant.**
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT MIAMI REGIONAL UNIVERSITY'S MOTION TO DISMISS COMPLAINT

Comes now, Plaintiff, Kristofer O'Neal[1], and files this Plaintiff's Response to Defendant Miami Regional University's Motion to Dismiss Complaint pursuant to Federal Rule of Civil Procedure 15 (a)(1)(B) and to the Court's Paperless Order to Show Cause issued March 13, 2026, and in conjunction with the concurrently filed Amended Complaint, and asks this Court to find the Defendant's Motion to Dismiss moot in light of the accompanying Amended Complaint.

### ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

When considering a defendant's motion to dismiss, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009). If the complaint alleges enough facts to state a claim to relief that is plausible on its face, a court should deny the defendant's motion. *Id*. "Rule 12(b)(6) does not

---

[1] The correct spelling of the Plaintiff's first name is "Kristofer" and not "Kristopher." It was inadvertently misspelled in the original complaint.

countenance. . . dismissals based no a judge's disbelief of a complaint's factual allegations." *Bell Atlantic Corp., et al v. William Twombly*, 550 U.S. 544 (2007) citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S. Ct. 992; *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827. A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." *Bell Atlantic Corp., et al v. William Twombly*, 550 U.S. 544 (2007) citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683.

I.      Count I ADA Claim Under 42 U.S.C. § 12182

In the section dealing with Count I of the original complaint under the ADA, the Defendant asserts that this claim should be dismissed because only injunctive relief is allowed by the ADA but there is no prayer for injunctive relief in the complaint, there is a reference to the Plaintiff striving to become a pharmacist but he was attending MRU's nursing school, and because the Plaintiff lacks standing to assert an ADA claim because the Complaint does not aver that the Plaintiff made any attempt to be readmitted to the MRU nursing school or has any present desire to be readmitted there. Defendant's Motion to Dismiss section I, pp. 4-6. All of these concerns have been addressed and rectified in the Amended Complaint which was contemporaneously filed along with this pleading.

First, the Amended Complaint in its Prayer for Relief now contains a request for injunctive relief including the following items: i) implement appropriate accommodations for students with documented physical disabilities; ii) conduct mandatory training for faculty and staff on ADA, Section 504, FERPA, and Florida disability law; iii) reform its disciplinary and accommodation procedures to ensure compliance with federal and state law; and iv) readmit the Plaintiff to MRU's School of Nursing program at the point where he was dismissed without penalty or retaliation. Amended Complaint, p. 14. Next, the reference in the Original Complaint to the Plaintiff desiring

2

to become a pharmacist was a mistake. This has been corrected in the Amended Complaint to reflect that "[a]fter graduating from MRU, Mr. O'Neal had planned to pursue an educational path to become a Certified Registered Nurse Anesthetist (CRNA) by taking additional courses at another nursing school." Amended Complaint, paragraph 11, p. 3.

Finally, Paragraphs 28 and 29 of the Amended Complaint address the ADA standing issue by making clear the Plaintiff's efforts to gain readmission to the MRU School of Nursing after his dismissal and also his current desire to be readmitted to MRU. Amended Complaint, paragraphs 28 and 29, pp. 5-6. The Eleventh Circuit has held that ADA Title III standing is satisfied where a plaintiff alleges both a concrete intent to return and a continuing barrier that prevents him from doing so. Plaintiff's Amended Complaint now alleges that he has taken affirmative steps toward readmission, remains academically eligible to return, and is presently prevented from doing so solely because MRU continues to refuse to acknowledge or accommodate his disability. These allegations establish the "real and immediate threat of future injury" required for injunctive relief under controlling Eleventh Circuit precedent.

## II.     Count II Section 504 of the Rehabilitation Act of 1973

Regarding Count II of the Original Complaint involving Section 504 of the Rehabilitation Act of 1973, the Defendant's Motion to Dismiss maintains that the Complaint fails because it does not assert that the Plaintiff's dismissal was "solely" because of the school's treatment of his disability rather than simply because he flunked out academically; that the Original Complaint does not allege "deliberate indifference" on MRU's part; and that the Original Complaint does not allege that had the requested reasonable accommodations (RAs) been granted, that things would have been different and that the Plaintiff would have succeeded academically at MRU.

3

Defendant's Motion to Dismiss sec. II, pp. 6-8. Again, these concerns have been duly addressed and alleviated in the Amended Complaint. In Paragraph 48, the Amended Complaint asserts that Mr. O'Neal's academic difficulties were a direct and foreseeable result of MRU's refusal to provide the necessary accommodations to participate on equal footing with his non-disabled fellow students and these difficulties were not independent of his disability. Amended Complaint, p. 9. In Paragraphs 49 and 50, the Amended Complaint clarifies that Mr. O'Neal's dismissal from MRU was based solely based upon their discrimination against Plaintiff's known disability and that he would have performed much better academically but for MRU's refusal to grant the requested RAs. Amended Complaint, pp. 9-10.

Lastly, Paragraphs 51 and 52 of the Amended Complaint elaborate on the deliberate indifference demonstrated by MRU toward the Plaintiff's disability. Amended Complaint, pp. 10-11. Here, the Amended Complaint satisfies the Eleventh Circuit's deliberate-indifference standard for compensatory damages under Section 504. It alleges that MRU's designated ADA Officer, an official with authority to implement accommodations, had actual knowledge of Plaintiff's disability and of the substantial likelihood that denying accommodations would impede his academic progress, yet repeatedly failed to act. *Under Liese v. Indian River Cty. Hosp. Dist.,* 701 F.3d 334 (11th Cir. 2012), such allegations constitute intentional discrimination sufficient to survive a motion to dismiss.

### III. Count III Breach of Contract

In its section dealing with Count III of the Original Complaint (Breach of Contract), the Defendant's Motion to Dismiss argues that the reference to a "written contract" without citing or attaching one shows that there was no contract and therefore no contractual duty that could be

4

breached, that if any breach occurred, it was statutory only and not contractual. Defendant's Motion to Dismiss, Section III, pp. 8-12. This contention has been rectified by the Amended Complaint with its clarified and more thorough explanation of the contract between Mr. O'Neal and MRU. The Amended Complaint in Paragraphs 56-58 explains how a contract between a student and an institution of higher learning is not like a traditional mercantile contract but instead is premised on multiple documents and agreements. Amended Complaint, pp. 11-12. Paragraphs 59-62 explain how the Plaintiff relied on MRU's representations pursuant to this contract to his detriment. Amended Complaint, pp. 12-13. Finally, Paragraphs 63-66 detail the nature of the breach of contract. Amended Complaint, p. 13.

Florida law recognizes that the relationship between a private university and its students is contractual in nature, and that the terms of that contract are supplied by the university's written materials, including catalogs, handbooks, enrollment agreements, and published policies. See *Jallali v. Nova Southeastern Univ., Inc.*, 992 So.2d 338, 342 (Fla. 4th DCA 2008). The Amended Complaint now identifies these specific documents and the promises they contain, including MRU's express commitment to comply with the ADA and Section 504 and to provide reasonable accommodations to qualified students. These allegations are more than sufficient to state a plausible breach-of-contract claim under Florida law.

## **CONCLUSION**

All weaknesses in the Original Complaint pointed out by the Defendant in the Motion to Dismiss have been rectified in the Amended Complaint. Injunctive relief is now sought in the Prayer for Relief in addition to compensatory damages. The factual narrative underlying Count II strongly supports the legal conclusion. Lastly, the contractual relationship between Mr. O'Neal

and MRU is defined and the breach is explained and clarified. Because Mr. O'Neal in the Amended Complaint states a claim on which relief can be granted, and because the Amended Complaint supersedes the original and cures every defect identified in Defendant's motion, the motion to dismiss is now moot and should be denied on that basis alone.

                                            Respectfully Submitted,
                                            **LENTO LAW GROUP, P.C.**

                                            _____
                                            Robert S. Mactavish, Esquire
                                            Florida Bar No. 0596388
                                            Phoenix Corporate Tower
                                            3003 N. Central Avenue
                                            Suite 685
                                            Phoenix, AZ 85012
                                            P: 575-517-6542
                                            *Attorney for Plaintiff*