**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:25-cv-25143-JB

KRISTOFER O'NEAL,

Plaintiff,

v.

MANAGEMENT RESOURCES INC.,
D/B/A MIAMI REGIONAL UNIVERSITY,

Defendant.
_________________________________________/

**DEFENDANT MIAMI REGIONAL UNIVERSITY'S MOTION TO STAY THE DISPOSITIVE MOTION DEADLINE PENDING RESOLUTION OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Comes now, Defendant, Management Resources Inc., d/b/a Miami Regional University ("MRU"), by and through undersigned counsel, and respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 16(b)(4) and the Court's inherent authority to manage the cases on its docket, for an order staying the September 28, 2026 deadline for dispositive pretrial motions set in the Court's Scheduling Order [ECF No. 16] until the Court has resolved MRU's Motion to Dismiss the Second Amended Complaint, filed contemporaneously herewith, and in support states as follows:

**BACKGROUND**

1. On August 28, 2026, the Court heard argument on MRU's motion to dismiss Plaintiff's Amended Complaint. Rather than dismiss the action outright, the Court afforded Plaintiff leave to replead, and in doing so described, on the record [ECF No. 32, p. 16/lines 6-24], how it intended the remaining pretrial deadlines to be handled:

> *THE COURT: So September 28th is the dispositive deadline, so that's the problem we're going to run into. I think I'd rather – I can do a couple of things. I could just stay all the deadlines. My only concern with that is you've already wrapped up discovery. I think I'm going to make the plaintiff, if you're going to amend the complaint, to amend it within 14 days. And then if you need additional time to file dispositive motions and/or, you know, once you see the amended complaint, the defense can either file to extend the deadlines, stay the deadlines. I think that's what I'll do instead. So the plaintiff has 14 days to amend the complaint. After that complaint is amended, I'll wait to hear from the defense as to whether it's going to answer, whether it needs more time to file another motion to dismiss, or whether or not it needs more discovery or whether or not it wants to proceed to file a dispositive motion – you know, an answer and then a dispositive motion. I'll let you figure that out. It's hard for you to know when you haven't seen the second amended complaint.*

2. The Court thus reserved the dispositive motion deadline for revision once MRU had seen the amended pleading and chosen its course, rather than fix that deadline in advance of a pleading no one had yet read.

3. Plaintiff filed his Second Amended Complaint on September 11, 2026 [ECF No. 31], now the operative pleading.

4. MRU has read the Second Amended Complaint and elected, as the Court's guidance anticipated, to move to dismiss it rather than answer or seek further discovery. MRU's Motion to Dismiss, filed together with this motion, identifies numerous threshold defects that dispose of entire claims without resort to summary judgment.

5. The present dispositive motion deadline, September 28, 2026, predates both the Second Amended Complaint and MRU's election to move against it. Left undisturbed, that deadline would compel MRU to brief summary judgment, within days, on claims the Court may dismiss on the pleadings, and to do so before the Court has said which claims, if any, survive to be the subject of such a motion.

## ARGUMENT

### I. GOOD CAUSE SUPPORTS THE REQUESTED STAY

The Court did not set the dispositive motion deadline blind to the possibility now before it. Anticipating that MRU might, upon reading the amended pleading, elect to move against it rather than answer, the Court told the parties that "the defense can either file to extend the deadlines, stay the deadlines," and left the choice between those two paths to MRU's judgment once the pleading was in hand.

A stay best serves the purpose the Court articulated. An extension would still require the parties to brief summary judgment on claims the Court has not yet examined, and might dismiss. A stay defers that labor until the Court's ruling defines what, if anything, remains to be tried, and the Court's own words at the hearing show that this sequencing, and not a fixed extension divorced from the ruling on the motion, is what the Court intended to permit.

A schedule entered under Federal Rule of Civil Procedure 16 "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). MRU has proceeded diligently: it examined the Second Amended Complaint promptly upon its filing, prepared and filed its Motion to Dismiss without delay, and brings this motion contemporaneously so that the Court may address the sequencing question before the dispositive motion deadline arrives. Briefing summary judgment now, against a pleading MRU has moved to dismiss in its entirety, risks the very waste of labor that the Court's inherent authority exists to prevent: the parties would brief, and the Court would read, motions addressed to claims the ruling on the Motion to Dismiss may remove from the case.

The requested stay works no prejudice to Plaintiff. Discovery closed on July 29, 2026, and neither party requires further discovery to brief either the Motion to Dismiss or, in due course,

summary judgment. The trial period remains set to begin January 26, 2027, four months distant, and a stay tailored to the pendency of the Motion to Dismiss, rather than an open-ended continuance, leaves ample time to brief and resolve any summary judgment motion that follows the Court's ruling before that date.

**CONCLUSION AND REQUESTED RELIEF**

For the foregoing reasons, MRU respectfully requests that this Court enter an order (a) staying the September 28, 2026 deadline for dispositive pretrial motions until the Court rules on MRU's Motion to Dismiss the Second Amended Complaint; (b) directing that, within five (5) days of that ruling, the parties shall confer and submit a joint status report proposing a new dispositive motion deadline calibrated to whatever claims remain,  if any.

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3) and Section VI of the Court's Order Setting Trial, Calendar Call, Reference to Magistrate Judge, Pretrial Deadlines, and Pretrial Procedures [ECF No. 16], undersigned counsel conferred with counsel for Plaintiff, Robert S. Mactavish, Esq., by email on Wednesday, September 23, 2026, regarding the relief this motion seeks. Plaintiff does not oppose the motion.

Dated: September 23, 2026.

Respectfully submitted,

*/s/ Robert A. O'Donnell*
Robert A. O'Donnell
Florida Bar No. 1011567
Sonia E. O'Donnell
Florida Bar No. 172538
O'Donnell Christopher LLP
700 S. Royal Poinciana Blvd., Ste. 705
Miami Springs, FL 33166
Telephone: 305-640-8958
*rodonnell@odonnellchristopher.com*
*sodonnell@odonnellchristopher.com*
**Counsel for Defendant**
**Miami Regional University**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2026, a true and correct copy of the foregoing was served via CM/ECF to all parties designated to receive electronic filings in this case.

*/s/ Robert A. O'Donnell*
Robert A. O'Donnell